UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10569-JLT

KELLY HARMUTH,
    Plaintiff,

v.

CONTINENTAL CASUALTY COMPANY,
CNA INSURANCE COMPANIES,
SBLI GROUP DISABILITY PLAN
    Defendants

## ANSWER OF DEFENDANTS CONTINENTAL CASUALTY COMPANY, CNA INSURANCE COMPANIES, and SBLI GROUP DISABILITY PLAN

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendants submit that there is no legal entity CNA Insurance Companies, and that that party should be dismissed from Plaintiff's Complaint.

### THIRD DEFENSE

The Defendants respond to the Plaintiff's Complaint, Paragraph by Paragraph, as follows:

### INTRODUCTION

1

1-3. The Defendants submit that no response to Paragraphs 1-3 is required; however, to the extent that the allegations of those paragraphs require a response, such allegations are denied.

## JURISDICTION

4. Admitted.

## PARTIES

5. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph No. 5 and therefore, neither admit nor deny same.

6. Denied.

7. Admitted.

8. Admitted.

## STATEMENT OF FACTS

9. Admitted.

10. Admitted.

11. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph No.11 and therefore, neither admit nor deny same.

12. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph No.12 and therefore, neither admit nor deny same.

13. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph No.13 and therefore, neither admit nor deny same.

14. The Defendants admit that Ms. Harmuth began employment at SBLI on September 7, 1999 as Senior Vice President and Chief Information Officer. The Defendants have insufficient knowledge with which to admit or deny the remaining allegations contained in Paragraph No.14 and therefore, neither admit nor deny same.

15. The Defendants admit that on September 7, 1999, SBLI's office was located in Woburn, Massachusetts. The Defendants have insufficient knowledge with which to admit or deny the remaining allegations contained in Paragraph No.15 and therefore, neither admit nor deny same.

16. The Defendants admit that Ms. Harmuth retained Deborah Shih, M.D. to act as her physician. The Defendants have insufficient knowledge with which to admit or deny the remaining allegations contained in Paragraph No.16 and therefore, neither admit nor deny same.

17. The Defendants admit that Ms. Harmuth was seen by Dr. Shih on November 29, 1999; that she provided Dr. Shih with a background of her medical history; that she discussed with Dr. Shih her medical history, including a discussion of Lyme disease, fibromyalgia, chronic anxiety disorder, babesiosis and ehrlichiosis. The Defendants have insufficient knowledge with which to admit or deny the allegations relating to Nancy Andrea and therefore, neither admit nor deny same. The Defendants deny the remaining allegations contained in Paragraph No.17.

18. Denied.

19. Denied.

20. The Defendants admit that Ms. Harmuth was seen by Dr. Forgacs in the Infectious Disease department at Lahey Clinic on December 16, 1999. The tests performed by Dr. Forgacs and the results of those tests are contained in the medical record, which is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph No. 20.

21. Admitted.

22. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 22 and therefore, neither admit nor deny same.

23. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 23 and therefore, neither admit nor deny same.

24. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 24 and therefore, neither admit nor deny same.

25. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 25 and therefore, neither admit nor deny same.

26. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 26 and therefore, neither admit nor deny same.

27. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 27 and therefore, neither admit nor deny same.

28. The Defendants admit that SBLI employees were entitled to long term disability benefits in accordance with and subject to the terms of the SBLI Group Long-Term Disability Plan; and that SBLI and Continental Casualty Company entered into a

contract of insurance, Policy No. SR-83102765, with regard to that Plan. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny that the Plaintiff was entitled to such benefits and further deny the remaining allegations contained in Paragraph 28.

29. The Defendants admit that Continental Casualty Company at all relevant times acted as Claims Administrator of the SBLI Group Long-Term Disability Plan and that it issued a policy of insurance with regard to that Plan. The Defendants deny any remaining allegations contained in Paragraph 29.

30. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny that the Plaintiff was entitled to benefits under the Plan and further deny the remaining allegations contained in Paragraph 30.

31. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny any remaining allegations contained in Paragraph 31.

38. (sic)   The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

39. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

40. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

41. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

42. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

43. The Plan is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

44. Admitted.

45. Admitted.

46. The Defendants admit that Ms. Harmuth met with Ms. Sandra Williams, Senior Vice President of Human Resources at SBLI, on August 8, 2000. The Defendants deny the remaining allegations of Paragraph 46.

47. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 47 and therefore, neither admit nor deny same.

48. Denied.

49. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 49 and therefore, neither admit nor deny same.

50. The Defendants have insufficient knowledge with which to admit or deny the allegations contained in Paragraph 50 and therefore, neither admit nor deny same.

51. The Defendants submit that the letter which Ms. Harmuth wrote to Mr. Sheridan dated October 30, 2001 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

52. The Defendants submit that the letter which Ms. Williams wrote Ms. Harmuth dated November 2, 2001 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

53. The Defendants submit that the letter which Ms. Harmuth wrote to Ms. Williams dated November 16, 2001 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents.

54. Admitted.

55. The Defendants admit that by letter dated January 10, 2002, and received by Continental Casualty Company on January 11, 2002, Plaintiff filed an application for Long-Term disability benefits. The Defendants deny any remaining allegations contained in Paragraph 55.

56. The Defendants admit that on January 11, 2002, Ms. Dorothy Johnson, a Claims Specialist at Continental Casualty Company requested an employee's statement, employer's statement and an attending physician's statement from Ms. Harmuth in order to evaluate her claim. The Defendants deny any remaining allegations contained in Paragraph 56.

57. The Defendants admit that Ms. Harmuth subsequently complied with Continental Casualty Company's request. The Defendants deny any remaining allegations contained in Paragraph 57.

58. The Defendants admit that on April 3, 2002, Continental Casualty Company denied Ms. Harmuth's LTD benefits under the pre-existing condition exclusion contained in the Plan. The Defendants deny any remaining allegations contained in Paragraph 58.

59. Admitted, except the Defendants deny that it was CNA that drafted the April 3, 2002 letter.

60. Admitted.

61. Admitted, except the Defendants deny that it was CNA that drafted the April 3, 2002 letter.

62. Continental Casualty's letter of April 3, 2002 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the characterization of the contents of that letter and further deny any remaining allegations contained in Paragraph 62.

63. Continental Casualty's letter of April 3, 2002 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the characterization of the contents of that letter and further deny any remaining allegations contained in Paragraph 63.

64. The Defendants admit that Continental Casualty did not complete a full evaluation of Ms. Harmuth's medical condition because her claim was denied due to the pre-existing condition exclusion contained in the group policy. Defendants deny any remaining allegations contained in Paragraph 64.

65. The Defendants admit that Ms. Harmuth appealed the denial of her claim for benefits by letter dated May 16, 2002, and that she submitted a letter from her primary care physician Dr. Shih. Defendants deny the remaining allegations contained in Paragraph 65.

66. Ms. Harmuth's letter of May 16, 2002 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the characterization of the contents of that letter and further deny any remaining allegations contained in Paragraph 66.

67. Continental Casualty Company's letter of May 24, 2002 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 67.

68. Continental Casualty Company's letter of July 1, 2002 is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 68.

69. The Defendants admit that by letter dated June 28, 2002, Ms. Harmuth advised Continental Casualty Company that she was filing a consumer complaint with the Attorney General's Office in Massachusetts. The Defendants deny the remaining allegations contained in Paragraph 69.

70. The Defendants admit that Continental Casualty Company received a letter dated November 8, 2002 and purporting to be from Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 70.

71. The Defendants admit that Continental Casualty Company sent a letter dated November 15, 2002 to Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General; and that attached to that letter was a copy of the claim forms submitted for Ms. Harmuth's claim, as well as any additional documentation that was submitted with the original claim forms. The Defendants deny the remaining allegations contained in Paragraph 71.

72. The Defendants admit that Continental Casualty Company received a letter dated December 24, 2002 and purporting to be from Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 72.

73. The Defendants admit that Continental Casualty Company sent a letter dated January 2, 2003 to Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the characterization of the contents of that letter and further deny any remaining allegations contained in Paragraph 73.

74. The Defendants admit that Continental Casualty Company received a letter dated January 8, 2003 and purporting to be from Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 74.

75. The Defendants admit that Continental Casualty Company received a letter dated January 8, 2003 and purporting to be from Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants

therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 75.

76. Denied.

77. The Defendants admit that Ms. Cheryl Sauerhoff, Appeals Team Leader at Continental Casualty Company, sent a letter dated March 27, 2003 to Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 77.

78. The Defendants admit that Ms. Joye Kelly, an Appeals Committee Member at Continental Casualty Company, sent a letter dated April 2, 2003 to Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 78.

79. The Defendants admit that Ms. Joye Kelly, an Appeals Committee Member at Continental Casualty Company, sent a letter dated April 2, 2003 to Lydia Froese of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 79.

80. The Defendants admit that Ms. Joye Kelly, an Appeals Committee Member at Continental Casualty Company, sent a letter dated April 2, 2003 to Lydia Froese

of the Insurance Division of the Public Protection Bureau of the Massachusetts Office of the Attorney General. That letter is a document which speaks for itself, and the Defendants therefore neither admit nor deny its contents. The Defendants deny the remaining allegations contained in Paragraph 80.

81. Denied.

82. Denied.

83. Denied.

84. The Defendants admit that Ms. Harmuth has exhausted the administrative procedures provided for in the SBLI Plan. The Defendants deny the remaining allegations contained in Paragraph 84.

## FIRST CAUSE OF ACTION

85. The Defendants reassert their answers and defenses to each of the prior Paragraphs of the Complaint.

86. The Defendants admit that the Plan at issue is a contract and further admit that that contract is governed by and in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. sections 1001 et seq. (hereinafter "ERISA"). The Defendants deny the remaining allegations contained in Paragraph 86.

87. Denied.

88. Admitted.

89. Denied.

90. Denied.

91. Denied. Defendants further deny that Plaintiff was disabled under the terms of the Plan.

92. Denied.

93. Denied.

## SECOND CAUSE OF ACTION

94. The Defendants reassert their answers and defenses to each of the prior Paragraphs of the Complaint.

95. Denied.

96. The Defendants deny the allegations contained in Paragraph 96, in that those allegations are not capable of a fair response.

97. Denied.

98. Denied.

99. Denied.

**WHEREFORE,** the Defendants submit that the Plaintiff is not entitled to recover against them, in any amount.

## FOURTH DEFENSE

By way of affirmative defense, the Defendants state that this matter is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 US.C. §§ 1001 et seq. (hereinafter "ERISA") and that the Plaintiff's remedies for any alleged act or omission by the Defendants are limited solely to those afforded by ERISA §§ 1001 to 1191, and

ERISA provides the exclusive remedies in such situations.

## FIFTH DEFENSE

By way of affirmative defense, the defendants state, upon information and belief, that the plaintiff is precluded from recovering against them any of the alleged damages under the terms of the Plan, ERISA, and federal common law.

## SIXTH DEFENSE

By way of affirmative defense, the Defendants state that they have fully performed any and all duties owed under the employee welfare benefit plan established and maintained by Savings Bank Life Insurance Company for the benefit of its eligible employees in the event of disability (the "Plan").

## SEVENTH DEFENSE

By way of affirmative defense, the Defendants state that in considering and evaluating Plaintiff's claims submitted for benefits, they did not act arbitrarily and capriciously, but rather acted reasonably based on substantial evidence in the record and in accordance with the documents and instruments governing the Plan and with ERISA.

## EIGHTH DEFENSE

By way of affirmative defense, the Defendants state that they discharged their duties with respect to the written terms of the Plan, in the interests of the plan participants and their beneficiaries, and that, in doing so, they acted within their discretion in accordance with the documents and instruments governing the Plan.

**NINTH DEFENSE**

By way of affirmative defense, the Defendants state that the Plaintiff's claimed disability was caused by or resulting from a "Pre-existing Condition" under the terms of the Plan, and therefore, Plaintiff is not eligible for benefits under that Plan.

**TENTH DEFENSE**

By way of affirmative defense, the Defendants state that Plaintiff has not brought this action within 3 years from the date written proof was required under the terms of the Plan, and that, therefore, this action should be dismissed.

**ELEVENTH DEFENSE**

By way of affirmative defense, the Defendants state that the Plaintiff is not entitled to any recovery in this action. However, in the event that this Court determines that the Plaintiff is entitled to recover, any recovery is subject to all the terms, conditions and limitations of the Plan, including, but not limited to, all offsets provided for thereunder, such as social security benefits, worker's compensation benefits, and any and all other disability benefits received.

**TWELFTH DEFENSE**

The SBLI Group Disability Plan ("The Plan") has no liability for the payment of benefits under the terms of the governing Plan documents and, thus, cannot be liable to the Plaintiff pursuant to Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. Section 1132(a)(1)(B).

### THIRTEENTH DEFENSE

The Plan cannot be subject to equitable relief with respect to the payment of benefits to Plaintiff, because it has no authority to compel Continental Casualty Company to pay benefits to the Plaintiff.

### FOURTEENTH DEFENSE

The Plan cannot be subject to damages or any other monetary liability for breach of any alleged duty to the Plaintiff under ERISA. *See Great-West Life Annuity Ins. Co. v. Knudson*, 122 S. Ct. 708 (2002); *Larocca v. Borden, Inc.*, 276 F.3d 22 (1st Cir. 2002).

### FIFTEENTH DEFENSE

Plaintiff's claims against the Plan are barred by the Settlement Agreement and General Release that Plaintiff executed on May 16, 2001.

### SIXTEENTH DEFENSE

Plaintiff's claims against the Plan are barred by the doctrine of accord and satisfaction.

### SEVENTEENTH DEFENSE

By way of affirmative defense, the Defendants state that to the extent that Plaintiff's claims for relief are based upon state law, including, but not limited to, bad faith, such claims are preempted by ERISA, which provides the exclusive remedies for claims relating to employee benefit plans, such as the employee welfare benefit plan at issue in the present suit.

**EIGHTEENTH DEFENSE**

By way of affirmative defense, the Defendants state that the Plaintiff is not entitled to any recovery in this action. However, in the event that this Court determines that the Plaintiff is entitled to recover, such recovery should be reduced by any amounts which Plaintiff has received from SBLI and which relate to salary during the time period on and after August 23, 2000 and as to which Plaintiff has claimed entitlement.

CONTINENTAL CASUALTY COMPANY,
CNA INSURANCE COMPANIES,
SBLI GROUP DISABILITY PLAN,
By their Attorneys,

*/s/ Jean M. Kelley*

Jean M. Kelley (BBO 265540)
Of Counsel, Morrison, Mahoney & Miller, LLP
115 Commonwealth Ave.
Chestnut Hill, MA 02467
617-964-0323

## CERTIFICATE OF SERVICE

I, Jean M. Kelley, hereby certify that I have this 6th day of May, 2004, served a true copy of the Answer of Defendants Continental Casualty Company, CNA Insurance Companies, and SBLI Group Disability Plan; and the Defendant Continental Casualty Company's 7.3 Corporate Disclosure Statement, by first class mail, postage prepaid, upon counsel of record:

Mala M. Rafik, Esq.
BBO #638075
ROSENFELD & RAFIK, P.C.
44 School Street, Suite 410
Boston, MA 02108

_____
Jean M. Kelley (BBO # 265540)