UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10569-JLT

KELLY HARMUTH,
       Plaintiff,
v.
CONTINENTAL CASUALTY COMPANY,
CNA INSURANCE COMPANIES,
SBLI GROUP DISABILITY PLAN
       Defendants

## JOINT STATEMENT REGARDING PRE-TRIAL MATTERS

Pursuant to Local Rule 16.1, the Plaintiff, Kelly Harmuth, and the Defendants, Continental Casualty Company, CNA Insurance Companies, and SBLI Group Disability Plan, hereby file this Joint Statement Regarding Pre-Trial Matters.

## STATEMENT OF CASE

This matter is governed by the Employee Retirement Income Security Act of 1974, as amended, 29 US.C. §§ 1001 et seq. (hereinafter "ERISA"), and the Plaintiff's remedies for any alleged act or omission by the Defendants are limited solely to those afforded by ERISA §§ 1001 to 1191, and ERISA provides the exclusive remedies available.

Savings Bank Life Insurance Company established and maintained an employee welfare benefit plan for the benefit of its employees in the event of disability (the "Plan"). Plaintiff sought long-term disability benefits under that Plan. The Defendants denied the Plaintiff's benefits because the Defendants asserted that if the Plaintiff suffered from any disability, such disability resulted from a Pre-Existing Condition, and that benefits for that condition were excluded under the terms of the Plan. The Plaintiff appealed the

1

Defendant's decision to deny her claim for benefits under the Plan's Pre-Existing Condition limitation. The Defendants upheld their decision on appeal. After exhausting her administrative remedies as required by ERISA, the Plaintiff filed this action for benefits.

### PROPOSED DISCOVERY PLAN AND SCHEDULE FOR MOTIONS

The parties propose the schedule set forth below for consideration by the Court. The parties do not wish to conduct phased discovery:

1. Motions to join other parties and to amend the pleadings must be filed by December 3, 2004.

2. This matter solely concerns the Court's review of a claim to benefits under ERISA and may therefore be limited to the Court's review of the administrative record. It is the Defendants' position that this litigation should be so limited. The Defendants have provided to the Plaintiff unredacted copies of the Plan document and Claim File with regard to this matter.

3. If the Plaintiff claims that any of the records provided are incomplete or inaccurate in any way, she must notify the Defendants' counsel in writing of such by December 3, 2004. If the Plaintiff does not provide such notice by December 3, 2004, then Defendants shall file with the Court each of the documents served on Plaintiff entitled "Agreed To Record For Judicial Review." If the Plaintiff does provide such notice, then the parties must then confer to attempt to ascertain an Agreed to Record for Judicial Review. If the parties come to an agreement, they are to immediately file an "Agreed To Record for Judicial Review." If the parties

cannot agree on the record for judicial review, then the parties shall file with the Court by December 17, 2004, a document entitled "Partial Record For Judicial Review" which contains only that portion of the record on which the parties agree. By December 17, 2004, the parties are to file memoranda concerning any other matters they seek to have added to the record for judicial review.

4. If any party proposes that it is entitled to any discovery, to constitute or supplement the record for judicial review, it must file with the Court a submission showing cause for being allowed such discovery. The Court expects a reasonable degree of particularity as to what discovery is sought, and why reason exists to expect that the product of discovery would be properly received at trial and would be material to the disposition of this civil action. Any request for discovery must be filed by December 3, 2004. Counsel to any party not proposing discovery shall have two weeks from service of a request for such discovery to file an opposition thereto.

5. If any party proposes that it is entitled to an evidentiary hearing, necessary to supplement the record for judicial review, it must file with the Court a submission showing cause for being allowed such evidentiary hearing. The Court expects a reasonable degree of particularity as to what reason exists to expect that the product of the evidentiary hearing would be material to the disposition of this civil action. Any request for such evidentiary hearing must be filed by December 3, 2004. Counsel to any party not proposing the evidentiary hearing shall have two weeks from service of a request for such a hearing to file an opposition thereto.

6. Insofar as this matter involves the review of an administrative record whose content will be decided based on the methodology set forth herein, the parties are relieved of any mandatory disclosure requirements under Rule 26 of the Rules of Civil Procedure and the Local Rules.

7. Summary Judgment motions with accompanying memoranda must be filed by \_\_\_\_\_, 2005. Oppositions to such motions must be filed by \_\_\_\_\_, 2005.

8. Hearing on any motions for summary judgment will be held on _____.

9. A pretrial conference shall be conducted on _____

| | |
|---|---|
| KELLY HARMUTH,<br>By her attorneys, | CONTINENTAL CASUALTY COMPANY,<br>CNA INSURANCE COMPANIES, and<br>SBLI GROUP DISABILITY PLAN,<br>By their attorneys, |
| /s/ Mala M. Rafik<br>Mala M. Rafik, Esq. (BBO#638075)<br>ROSENFELD & RAFIK, P.C.<br>44 School Street, Suite 410<br>Boston, MA 02108<br>617-723-7470<br>mmr@rosenfeld.com | /s/    Jean M. Kelley<br>Jean M. Kelley, Esq. (BBO#265540)<br>MORRISON MAHONEY LLP<br>115 Commonwealth Ave.<br>Chestnut Hill, MA 02467<br>617-964-0323<br>jeanmkelley@comcast.net |